# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 25-00349 LEK-KJM |
| CASE NAME: | Tate et al. V. Capital Plus Financial, LLC et al. |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 09/12/2025 |

COURT ACTION: EO: INCLINATION TO DISMISS PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF WITHOUT PREJUDICE

On August 14, 2025, pro se Plaintiffs Jimmy Tate and Jaleceya Tate ("Plaintiffs") filed a Complaint for Injunctive Relief and Damages ("Complaint") and an Ex Parte Motion to Waive Filing Fees and Surcharges Under Hawai`i Revised Statutes Chapter 607. [Dkt. nos. 1, 3.] In light of Plaintiffs' pro se status, the Court liberally construes docket number 3 as an application to proceed in forma pauperis ("Application"). See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The Complaint named the following parties as defendants: Capital Plus Financial, LLC; Prestamos CDFI, LLC; Benworth Capital; Harvest Small Business Finance, LLC; McCoy Federal Credit Union; Fountainhead SBF LLC; Central Pacific Bank; JPMorgan Chase Bank, National Association; and Navy Federal Credit Union ("Defendants"). [Complaint at pg. 2.] Plaintiffs do not allege that any Defendant resides in Hawai`i. See generally id.

## BACKGROUND

Plaintiffs' Complaint alleges that they are the "victims of a sophisticated identity theft and fraud scheme." [Id. at pg. 2, ¶ 1.] Specifically, Plaintiffs claim that several individuals – not named as defendants in the current action – "used Plaintiffs' names, likenesses, Social Security numbers, and other personal information to apply for and obtain millions of dollars in [Paycheck Protection Program ('PPP')] loans." See id. Plaintiffs allege that the named Defendants, *i.e.*, "banks and financial institutions, act[ed] as PPP lenders and/or facilitators, processed, approved, and disbursed these fraudulent loans, despite numerous red flags and clear indicia of identity theft and fraud." [Id. at pg. 2, ¶ 2.] Plaintiffs claim that "Defendants received substantial fees and financial incentives for processing PPP loans, creating a conflict of interest and a motive to ignore or downplay fraud risks." [Id. at pg. 2, ¶ 6.]

According to Plaintiffs, as a result of Defendants' alleged conduct, "Plaintiffs' credit, reputations, and financial standing have been irreparably damaged." [Id. at pg. 2, ¶ 4.] Plaintiffs, therefore, seek various forms of relief, such as: injunctive relief "enjoining Defendants and all persons acting in concert with them from further misuse of Plaintiffs' personal data, and from processing or facilitating fraudulent loans in Plaintiffs' names;" [id. at pg. 4;] compensatory and punitive damages; and any other appropriate relief, [id.].

## STANDARD

The Court may raise, *sua sponte*, the issue of defective venue, "as long as the parties are first given an opportunity to present their views on the issue." See Palmer v. Stephens, CIV. NO. 16-00020 DKW/RLP, 2016 WL 347302, at *3 (D. Hawai`i Jan. 28, 2016) (some citations omitted) (citing Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)).

A civil action may be brought in one of the following:

> (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a natural person is "deemed to reside in the judicial district in which that person is domiciled," and an entity is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(1), (2). The plaintiff has the burden of showing that venue is proper. See Eliason v. U.S. Dep't of Just., CIVIL NO. 20-00257 JAO-WRP, 2020 WL 3965970, at *1 (D. Hawai`i July 13, 2020) (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

## DISCUSSION

The Court - after reviewing Plaintiffs' Complaint - is inclined to find that venue is improper in this district. Plaintiffs bear the burden of establishing that venue is proper.

<u>See</u> <u>id.</u> Plaintiffs' Complaint lacks any factual allegations that, if proven, would support a finding that venue is proper in this district. First, Plaintiffs do not provide any information in their Complaint concerning the judicial district in which any Defendant resides. There is also no indication that the Defendants are subject to the Court's personal jurisdiction with respect to this action.

Second, Plaintiffs do not specifically allege that any events or omissions giving rise to the claims in this action occurred in Hawai`i. Plaintiffs claim that "[v]enue is proper in this District under 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events or omissions giving rise to the claims occurred in Honolulu County, Hawaii, and Defendants purposefully directed their conduct at this forum." [Complaint at pg. 1.] This conclusory statement, however, is not supported by the factual allegations related to Plaintiffs' claims, none of which are alleged to have occurred in Hawai`i. <u>See</u> Complaint at pg. 2, ¶¶ 1-8.

Further, Plaintiffs assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Title 18 United States Code Section 1962(c). [<u>Id.</u> at pg. 3.] This district court has explained:

> Where, as here, Plaintiff asserts a RICO claim, the Court also considers RICO's special venue provision, which authorizes any civil enforcement action to be brought "in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). "Transacts his affairs" requires "business of a substantial and continuous character." <u>King v. Vesco</u>, 342 F. Supp. 120, 124 (N.D. Cal. 1972); <u>see also</u> <u>Taal v. St. Mary's Bank</u>, No. 5:19-CV-25, 2019 WL 8349005, at *5 (D. Vt. Dec. 10, 2019) ("Section 1965(a) 'requires that the affairs transacted in the district be substantial.'") (quoting <u>Corso v. Franz</u>, No. 16-CV-2384, 2018 WL 1513639, at *2 (E.D.N.Y. Mar. 27, 2018)); <u>Pincione v. D'Alfonso</u>, 506 F. App'x 22, 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district" (citations and quotations omitted)). . . .

<u>Daniels v. Nationwide Gen. Ins. Co.</u>, CIVIL NO. 22-00296 JAO-RT 2022 WL 2658855, at *2 (D. Hawai`i July 8, 2022) (some alterations in <u>Daniels</u>).

As already discussed, the individual Defendants are not alleged to reside in Hawai`i, nor do Plaintiffs allege that Defendants transact their affairs or have agents in Hawai`i. <u>See generally</u> Complaint; <u>see also</u> <u>Daniels</u>, 2022 WL 2658855, at *2. Thus, the

Court is inclined to find that the allegations of the Complaint fail to demonstrate that this district is a proper venue for this action.

If a court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which [the case] could have been brought." 28 U.S.C. § 1406(a). The Court is inclined to dismiss the action without prejudice because venue appears to be improper. The Court will provide Plaintiffs the opportunity to present their views on the issue of venue through the filing of an amended complaint. See Costlow, 790 F.2d at 1488 .

If Plaintiffs choose to take the opportunity to amend their claims, they are ORDERED to file an amended complaint by **October 7, 2025**. Plaintiffs are CAUTIONED that if they fail to comply with the **October 7, 2025** deadline, the Complaint will be dismissed without prejudice.

The Court notes that this inclination is not the Court's final decision in the matter. Rather, Plaintiffs are encouraged to cite relevant case law and/or plead factual allegations in their amended complaint – if they choose to file one – to show the Court why its inclination is mistaken or correct.

In light of the inclination, the Court reserves ruling on Plaintiffs' Application. Further, the Court notes that Plaintiffs' Application appears to be an application to proceed in forma pauperis in **state court**. The Court DIRECTS the Clerk's Office to mail Form AO 240, Application to Proceed Without Prepayment of Fees & Affidavit, to Plaintiffs. If Plaintiffs choose to request to proceed in forma pauperis in federal court, **each** Plaintiff is DIRECTED to complete and file Form AO 240. Plaintiffs are CAUTIONED that they cannot act on each other's behalf, unless they are licensed attorneys and authorized to practice before the Court. See Local Rule LR81.1(a). For instance, Plaintiff Jimmy Tate cannot sign Form AO 240 on behalf of himself and Plaintiff Jaleceya Tate, unless he is a licensed attorney that is authorized to practice in this district court.

IT IS SO ORDERED.

Submitted by: Carla Cortez, Courtroom Manager