```
                   UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII
```

| | |
|---|---|
| JIMMY TATE, JALECEYA TATE,<br><br>         Plaintiffs,<br><br>    vs.<br><br>CAPITAL PLUS FINANCIAL, LLC, PRESTAMOS CDFI, LLC, BENWORTH CAPITAL, HARVEST SMALL BUSINESS FINANCIAL, LLC, MCCOY FEDERAL CREDIT UNION, FOUNTAINHEAD SBF LLC, CENTRAL PACIFIC BANK, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, NAVY FEDERAL CREDIT UNION, DOES 1-50, FINANCIAL INSTITUTIONS TO BE IDENTIFIED IN DISCOVERY;<br><br>         Defendants. | CIV. NO. 25-00349 LEK-KJM |

**ORDER DISMISSING PLAINTIFFS' COMPLAINT
FOR INJUNCTIVE RELIEF AND DAMAGES WITHOUT PREJUDICE**

On August 14, 2025, pro se Plaintiffs Jimmy Tate and Jaleceya Tate ("Plaintiffs") filed a Complaint for Injunctive Relief and Damages ("Complaint") and an Ex Parte Motion to Waive Filing Fees and Surcharges Under Hawai`i Revised Statutes Chapter 607. [Dkt. nos. 1, 3.] In light of Plaintiffs' pro se status, the Court liberally construes docket number 3 as an application to proceed in forma pauperis ("Application"). See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The Complaint names the following parties as defendants: Capital Plus Financial, LLC; Prestamos CDFI, LLC;

Benworth Capital; Harvest Small Business Finance, LLC; McCoy Federal Credit Union; Fountainhead SBF LLC; Central Pacific Bank; JPMorgan Chase Bank, National Association; and Navy Federal Credit Union ("Defendants"). [Complaint at pg. 2, ¶¶ III.B.1-10.] Plaintiffs do not allege that any Defendant resides in Hawai`i. See generally id.

On September 16, 2025, an entering order was issued informing Plaintiffs of the Court's inclination to dismiss the action without prejudice because venue appears improper ("9/16 EO"). [Dkt. no. 8 at PageID.16.] The Court afforded Plaintiffs an opportunity to cure the defect in their claims by filing an amended complaint on or before October 7, 2025. The Court cautioned Plaintiffs that failure to file an amended complaint would result in dismissal of the Complaint without prejudice. The Court also reserved ruling on Plaintiffs' Application and directed Plaintiffs to each complete and file a Form AO 240, Application to Proceed Without Prepayment of Fees & Affidavit. [Id.] Plaintiffs did not file an amended complaint, and neither Plaintiff filed a Form AO 240. Further, Plaintiffs did not request an extension of the deadline to do so.

For the reasons set forth below, the Complaint is hereby dismissed without prejudice. In light of this ruling, the Application is denied as moot.

2

## BACKGROUND

As discussed in the 9/16 EO:

> Plaintiffs' Complaint alleges that they are the "victims of a sophisticated identity theft and fraud scheme." [[Complaint] at pg. 2, ¶ 1.] Specifically, Plaintiffs claim that several individuals – not named as defendants in the current action – "used Plaintiffs' names, likenesses, Social Security numbers, and other personal information to apply for and obtain millions of dollars in [Paycheck Protection Program ('PPP')] loans." See id. Plaintiffs allege that the named Defendants, *i.e.*, "banks and financial institutions, act[ed] as PPP lenders and/or facilitators, processed, approved, and disbursed these fraudulent loans, despite numerous red flags and clear indicia of identity theft and fraud." [Id. at pg. 2, ¶ 2.] Plaintiffs claim that "Defendants received substantial fees and financial incentives for processing PPP loans, creating a conflict of interest and a motive to ignore or downplay fraud risks." [Id. at pg. 2, ¶ 6.]
>
> According to Plaintiffs, as a result of Defendants' alleged conduct, "Plaintiffs' credit, reputations, and financial standing have been irreparably damaged." [Id. at pg. 2, ¶ 4.] Plaintiffs, therefore, seek various forms of relief, such as: injunctive relief "enjoining Defendants and all persons acting in concert with them from further misuse of Plaintiffs' personal data, and from processing or facilitating fraudulent loans in Plaintiffs' names;" [id. at pg. 4;] compensatory and punitive damages; and any other appropriate relief, [id.].

[Id. at PageID.13-14 (some alterations in 9/16 EO).]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who

3

submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

4

>  Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
>  Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

>  The Court may raise, *sua sponte*, the issue of defective venue, "as long as the parties are first given an opportunity to present their views on the issue." See Palmer v. Stephens, CIV. NO. 16-00020 DKW/RLP, 2016 WL 347302, at *3 (D. Hawai`i Jan. 28, 2016) (some citations omitted) (citing Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)).

5

> A civil action may be brought in one of the following:
>
> > (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> 28 U.S.C. § 1391(b).
>
> For purposes of venue, a natural person is "deemed to reside in the judicial district in which that person is domiciled," and an entity is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(1), (2). The plaintiff has the burden of showing that venue is proper. See Eliason v. U.S. Dep't of Just., CIVIL NO. 20-00257 JAO-WRP, 2020 WL 3965970, at *1 (D. Hawai`i July 13, 2020) (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

[9/16 EO at PageID.14 (alteration in 9/16 EO).]

### **DISCUSSION**

The Court — after providing Plaintiffs an opportunity to present their views on the issue, see Palmer, 2016 WL 347302, at *3 — finds that venue is improper in this district. As

discussed in the 9/16 EO, the Complaint does not allege any basis for venue in Hawai`i. See 9/16 EO at PageID.14-15. First, none of the parties are alleged to "reside" in Hawai`i. See Complaint at pgs. 1-2, §§ I-II; see also 28 U.S.C. § 1391(b)(1). Second, Plaintiffs do not allege that:

> any events or omissions giving rise to the claims in this action occurred in Hawai`i. Plaintiffs claim that "[v]enue is proper in this District under 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events or omissions giving rise to the claims occurred in Honolulu County, Hawaii, and Defendants purposefully directed their conduct at this forum." [Complaint at pg. 1.] This conclusory statement, however, is not supported by the factual allegations related to Plaintiffs' claims, none of which are alleged to have occurred in Hawai`i. See Complaint at pg. 2, ¶¶ 1-8.

9/16 EO at PageID.15; see also § 1391(b)(2). Third, there are no factual allegations in the Complaint to support Plaintiffs' conclusory allegation that Defendants' conduct was purposefully directed at the State of Hawai`i. See generally Complaint. Thus, there is no basis for the Court to conclude that it has personal jurisdiction over Defendants in this case. See § 1391(b)(3).

In addition, because Plaintiffs assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Title 18 United States Code Section 1962(c), [Complaint at pg. 3,] the Court must consider RICO's special venue provision. See Daniels v. Nationwide Gen. Ins. Co., CIVIL NO. 22-00296 JAO-

7

RT, 2022 WL 2658855, at *2 (D. Hawai`i July 8, 2022) (citing 18 U.S.C. § 1965(a)). RICO's special venue provision

> authorizes any civil enforcement action to be brought "in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). "Transacts his affairs" requires "business of a substantial and continuous character." King v. Vesco, 342 F. Supp. 120, 124 (N.D. Cal. 1972); see also Taal v. St. Mary's Bank, No. 5:19-CV-25, 2019 WL 8349005, at *5 (D. Vt. Dec. 10, 2019) ("Section 1965(a) 'requires that the affairs transacted in the district be substantial.'") (quoting Corso v. Franz, No. 16-CV-2384, 2018 WL 1513639, at *2 (E.D.N.Y. Mar. 27, 2018)); Pincione v. D'Alfonso, 506 F. App'x 22, 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district" (citations and quotations omitted)).

Id. (alteration in Daniels). Plaintiffs fail to establish venue under RICO's special venue provision because they do not allege that the individual Defendants reside in Hawai`i, nor do they allege that Defendants transact their affairs or have agents in Hawai`i. See generally Complaint.

When the Court determines that a case has been filed in an improper venue, the Court must either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer

8

instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)).[2] Plaintiffs' Complaint does not provide sufficient factual allegations to determine which district or division would be a proper venue for this action. See generally Complaint. The Court thus concludes that dismissal without prejudice is appropriate in this case.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Complaint for Injunctive Relief and Damages, filed August 14, 2025, is HEREBY DISMISSED WITHOUT PREJUDICE. In light of the dismissal, Plaintiffs' Ex Parte Motion to Waive Filing Fees and Surcharges Under Hawai`i Revised Statutes Chapter 607, filed August 14, 2025, is DENIED AS MOOT.

Plaintiffs are REMINDED that, if they choose to file a new complaint and request to proceed in forma pauperis in this district court, each Plaintiff must complete and file Form AO 240. Plaintiffs are again CAUTIONED that they cannot act on each other's behalf, unless they are licensed attorneys and authorized to practice before this district court. See Local

---

[2] In Rosiere, the magistrate judge's findings and recommendation was adopted, as modified on other grounds, by the district judge. 2016 WL 3440566 (June 20, 2016).

9

Rule LR81.1(a). For instance, Plaintiff Jimmy Tate cannot sign Form AO 240 on behalf of himself and Plaintiff Jaleceya Tate, unless he is a licensed attorney who is authorized to practice law in this district court.

The Clerk's Office is DIRECTED to close this case on **November 3, 2025.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 17, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**JIMMY TATE, ET AL. VS. CAPITAL PLUS FINANCIAL, LLC, ET AL; CV 25-00349 LEK-KJM; ORDER DISMISSING PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES WITHOUT PREJUDICE**

10